# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

FEDERATED TOWING & RECOVERY, LLC,
a New Mexico Limited Liability Company,

        Plaintiff,

vs.                                                                                    No. CIV 11-0592 JB/LFG

PRAETORIAN INSURANCE COMPANY,
a Foreign Insurance Company; and

DEEP SOUTH SURPLUS, INC.
a Foreign Corporation,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendants Praetorian Insurance Company and Deep South Surplus, Inc.'s Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b), filed February 15, 2012 (Doc. 29)("Motion"). The Court held a hearing on April 24, 2012. The primary issues are: (i) whether the Court has jurisdiction under rule 60(b) of the Federal Rules of Civil Procedure to entertain the Motion; (ii) whether counsel for Defendants Praetorian Insurance Company and Deep South Surplus, Inc. committed excusable neglect under rule 60(b)(1) in agreeing to dismissal without prejudice of Plaintiff Federated Towing & Recovery, LLC's claims and this case; (iii) whether the newly filed lawsuit filed after this action was dismissed constitutes newly discovered evidence justifying relief under rule 60(b)(2); (iv) whether the allegedly fraudulent joinder in which Federated Towing has engaged permits relief under rule 60(b)(3); and (v) whether there are any other bases for relief present that would permit relief under rule 60(b)(6). The Court will deny the Motion. The Court concludes that it has jurisdiction to hear the Motion under rule 60(b) for purposes of vacating the stipulated dismissal without prejudice. The

Court also concludes, however, that the Defendants have not satisfied any of the bases under rule 60(b) for relief.  First, the nature of the mistake counsel for the Defendants made, if any, does not permit rule 60(b)(1) relief, and the Defendants have not presented any evidence to the effect that their counsel lacked authority to dismiss this action without prejudice.  Second, the Court concludes that the second lawsuit Federated Towing has recently filed does not counsel in favor of relief under rule 60(b)(2).  Third, the Court concludes that the allegedly fraudulent joinder does not warrant relief under rule 60(b)(3) under the circumstances presented.  Last, the Court concludes that the Defendants have not presented any other sound basis for relief under rule 60(b)(6).

## PROCEDURAL BACKGROUND

On May 27, 2011, Federated Towing filed its Complaint for Damages in the First Judicial District Court, County of Santa Fe, State of New Mexico.  See Doc. 1-1 ("Original Complaint"). Federated Towing alleged that, following an accident one of its employees, Joseph Estrada, had with an uninsured motorist, the Defendants improperly refused to renew the insurance policy it had with the Defendants.  See Original Complaint ¶¶ 6-11, at 2.  Federated Towing asserted various statutory and common-law causes of action based on this conduct.  See Complaint at 2-6.  On July 6, 2011, the Defendants filed their Notice of Removal removing this case to federal court.  See Doc. 1.  On December 16, 2011, the parties filed a Stipulation to Dismissal Without Prejudice.  See Doc. 27 ("Stipulation").  The Stipulation contained an agreement between the parties that Federated Towing will dismiss its claims and the action against the Defendants without prejudice under rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure.  See Stipulation at 1.  Counsel for both parties signed the Stipulation.  See Stipulation at 1-2.

On December 16, 2011, Federated Towing and Estrada, who was not a plaintiff in the previous lawsuit before the Court, filed a Complaint for Damages in the First Judicial District Court asserting substantially the same lawsuit that the parties had agreed to dismiss without prejudice in

federal court with the addition of a claim by Estrada against an individual named Joe Griego, Jr. See Doc. 29-1 ("Second Lawsuit Complaint"). Estrada asserts a battery claim against Griego for "intentionally slamm[ing] his vehicle into Estrada." Second Lawsuit Complaint at 9.

On December 27, 2011, the Court entered its Final Judgment dismissing Federated Towing's claims and the case without prejudice. See Doc. 28. On January 26, 2012, the Defendants removed the second lawsuit to federal court; that case is currently pending before the Honorable M. Christina Armijo, United States District Judge for the District of New Mexico. See Federated Towing & Recovery, LLC v. Praetorian Ins. Co., No. CIV 12-0083, Notice of Removal at 1 (D.N.M.)(Doc. 1).

On February 15, 2012, the Defendants filed their Motion under rule 60(b) of the Federal Rules of Civil Procedure to set aside the Final Judgment. See Doc. 29. The Defendants recount that "[c]ounsel for Plaintiff . . . unexpectedly contacted counsel for Defendants and sought consent for a stipulated dismissal without prejudice." Motion at 2. The Defendants assert that "[c]ounsel for Defendants gave his consent to dismissal without obtaining permission from Defendants." Motion at 2. The Defendants contend that the Plaintiffs have added Estrada as a plaintiff to the second lawsuit for the purposes of defeating diversity jurisdiction in federal court, because "[t]he claim by Estrada against Griego is unrelated to Federated Towing's claims against" the Defendants. Motion at 2-3. The Defendants ask the Court to reopen this case under rule 60(b)(1) based on mistake, inadvertence, or excusable neglect. See Motion at 4. The Defendants assert that their counsel "did not give due consideration to the effect of the joinder of additional parties in the second lawsuit." Motion at 4. The Defendants contend that, "[h]ad counsel for Defendants considered that a new action would be brought joining additional parties, the Defendants could have refused to consent to the stipulation and required the joinder of additional parties to be litigated in the present action." Motion at 4-5. They "request that the stipulated judgment be set aside." Motion at 5. They also assert that the second lawsuit is "newly discovered evidence" under rule 60(b)(2) that justifies

reopening the case.  <u>See</u> Motion at 5-6.  The Defendants contend that the joinder of Estrada and Griego in the second lawsuit qualifies as fraud, misrepresentation, or misconduct for purposes of rule 60(b)(3), because Griego, a resident of New Mexico, was fraudulently joined to the second lawsuit to defeat diversity jurisdiction.  <u>See</u> Motion at 6-7.  They also argue that "forum shopping by fraudulently joining additional parties" warrants relief under rule 60(b)(6).  Motion at 7-8.

On March 19, 2012, Federated Towing filed its Plaintiff's Response to Defendants' Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b).  <u>See</u> Doc. 32 ("Response").  Federated Towing asserts that "Defendants' Motion fails to establish any basis for relief pursuant to Rule 60(b)."  Response at 1.  It asserts that, "if a party enters into a Rule 41(a)(1)(A)(ii) voluntary dismissal without prejudice, the only procedural mechanism to 'undismiss' is to file a motion to vacate or modify the dismissal prior to the Court's ministerial closing of the case through its final judgment."  Response at 1.  Federated Towing argues that, "assuming Rule 60(b) is applicable, Defendants failed to attach any evidence to suggest 'mistake, inadvertence, surprise, or excusable neglect' on behalf of their counsel."  Response at 1-2.  It also contends that, even if the Defendants had not agreed to voluntary dismissal, it "could have and would have sought a voluntary dismissal without prejudice pursuant to Rule 41(a)(2)."  Response at 2.  Federated Towing relates that its attorney, George "Ben" Davis, sent an electronic mail transmission on December 2, 2011, to counsel for the Defendants, Michael Clemens, asking whether they would stipulate to voluntary dismissal without prejudice.  Response at 6 (citing Affidavit of George "Ben" Davis ¶ 5, at 2 (executed March 19, 2012)(Doc. 32-5)("Davis Aff."); Electronic Mail Transmission from Ben Davis to Mike Clemens at 5 (dated December 2, 2011 10:29 AM), filed March 19, 2012 (Doc. 32-5)).  Federated Towing asserts that, on approximately December 5, 2011, Mr. Davis had a conversation with Mr. Clemens explaining that Federated Towing intended to dismiss the lawsuit in federal court, "because it was going to file a new Complaint against Praetorian and Deep South,

as well as the underlying tortfeasor, Joe Griego, Jr." Response at 6 (citing Davis Aff. ¶ 7, at 2). Federated Towing represents that Mr. Clemens noted that he might remove the case to federal court and stated that he would agree to stipulate to dismissal without prejudice. See Response at 6 (citing Davis Aff. ¶ 7, at 2).

Federated Towing contends that, once the parties' filed the voluntary dismissal under rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure, no further action was required by the Court for the lawsuit to end. See Response at 9. Federated Towing asserts that, to the extent rule 60(b) applies to the Motion, the Defendants have not presented grounds for relief under rule 60(b). See Response at 13. Federated Towing argues that rule 60(b)(1) does not apply, because the "Defendants failed to cite any evidence that their attorney lacked authority to stipulate to a voluntary dismissal" that would counter the presumption that an attorney has authority to act on behalf of the client. Response at 14-15. Federated Towing notes that, between December 15, 2011, when the parties' filed the Stipulation dismissing the case, and December 27, 2011, when the Court entered Final Judgment, the "Defendants never notified the Court that the stipulation was not authorized or that the Final Judgment should not be entered." Response at 16. Federated Towing further contends that rule 60(b)(1) does not apply, because "counsel's failure to 'give due consideration' to the dismissal does not rise to the level of excusable neglect or mistake as contemplated by Rule 60(b)(1)." Response at 16. Federated Towing notes that rule 59 of the Federal Rules of Civil Procedure does not apply to the Motion, because the Defendants filed it outside the 28-day period that the rule prescribes. See Response at 18. Federated Towing argues that rule 60(b)(2) does not provide grounds for relief, because: (i) the second lawsuit is not newly discovered evidence; (ii) rule 60(b)(2) applies only after a trial; and (iii) the Defendants did not act with diligence. See Response at 18-19. Federated Towing asserts that rule 60(b)(3) does not provide relief, because the Defendants' claim of fraudulent joinder is not the form of fraud that rule 60(b)(3) contemplates. See

-5-

Response at 19-20.  Federated Towing also contends that Mr. Clemens had full knowledge of what course of action it intended to take in refiling the lawsuit in state court with additional parties.  See Response at 20.  Federated Towing argues that rule 60(b)(6) is a catch-all provision and that the Defendants' arguments fall within rule 60(b)'s specifically enumerated provisions.  See Response at 20-21.  Federated Towing asserts that its joinder of Griego, an in-state defendant, is proper given the allegations it has made against him and the relatedness of the disputes.  See Response at 21-22.

On March 20, 2012, Federated Towing filed its Notice of Errata for Document (32) Plaintiff's Response to Defendant's Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b).  See Doc. 33 ("Notice of Errata").  Federated Towing filed the Notice of Errata to amend a paragraph in the Davis Aff. to include a statement that Mr. Davis asked Mr. Clemens if his clients would need to agree to the stipulated dismissal, to which Clemens responded he did not need to ask permission.  See Notice of Errata at 1 (citing Affidavit of George "Ben" Davis ¶ 7, at 2 (executed March 20, 2012), filed March 20, 2012 (Doc. 33-1)("Errata Davis Aff.")).

On April 10, 2012, the Defendants filed their Defendant's Reply Brief in Support of Its Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b).  See Doc. 36 ("Reply").  They contend that rule 60(b) is an appropriate vehicle under which to bring their Motion.  See Reply at 1-2.  They assert that there is no need for their attorney to provide an affidavit based on his professional obligations as an officer of the court system.  See Reply at 3 n.1.  They argue that they would have opposed a voluntary dismissal had Mr. Clemens not agreed to voluntary dismissal.  See Reply at 4-6.  The Defendants "acknowledge that Rule 60(b)(2) does not directly apply since this matter never proceeded to trial," but rely upon it "by way of analogy."  Reply at 6-7.

At the hearing on April 24, 2012, Mr. Clemens stated that, when Mr. Davis contacted him, he was not thinking about the potential consequences and was not sure if he could oppose dismissal

without prejudice.  See Transcript of Hearing at 3:25-4:12 (taken April 24, 2012)(Clemens)("Tr.").[1]

Mr. Clemens asserted that he acted without authority when he agreed to the stipulation of dismissal.

See Tr. at 4:16-5:4 (Clemens).  Mr. Clemens represented that, as part of one of their defenses raised

against Federated Towing's claims, the Defendants had a potential argument for attorney's fees if

the lawsuit was frivolous.  See Tr. at 6:10-21 (Clemens).  He noted that he deprived his clients of

the right to recover those fees.  See Tr. at 6:10-21 (Clemens).  Mr. Clemens stated that he did not

have authority to accept service for the second lawsuit, because he was "in trouble" with his client.

Tr. at 12:11-17 (Clemens).  Federated Towing argued that Mr. Clemens had authority to agree to

dismissal without prejudice, because that attorney action is a routine litigation decision.  See Tr. at

19:11-14 (Davis).  Federated Towing argued that Mr. Clemens did nothing to withdraw consent to

the dismissal.  See Tr. at 20:8-21:4 (Davis).  Federated Towing asserted that two months had passed

between the filing of the stipulation of dismissal and the filing of this Motion.  See Tr. at 21:10-24

(Davis).

### LAW REGARDING MOTIONS TO RECONSIDER UNDER RULES 59(e) AND 60

Rule 59(e) provides: "A motion to alter or amend a judgment must be filed no later than 28

days after the entry of the judgment."  Rule 60 provides in relevant part:

(b)     **Grounds for Relief from a Final Judgment, Order, or Proceeding.**  On
motion and just terms, the court may relieve a party or its legal representative
from a final judgment, order, or proceeding for the following reasons:

(1)     mistake, inadvertence, surprise, or excusable neglect;

(2)     newly discovered evidence that, with reasonable diligence, could not
have been discovered in time to move for a new trial under Rule
59(b);

(3)     fraud    (whether    previously    called    intrinsic    or    extrinsic),

---

[1]The Court's citations to the transcript of the hearing refer to the court reporter's original,
unedited version.  Any final transcript may contain slightly different page and/or line numbers.

misrepresentation, or misconduct by an opposing party;

(4)     the judgment is void;

(5)     the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6)     any other reason that justifies relief.

(c)     **Timing and Effect of the Motion.**

(1)     **Timing.**   A motion under Rule 60(b) must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

(2)     **Effect on Finality.**   The motion does not affect the judgment's finality or suspend its operation.

Fed. R. Civ. P. 60(b)-(c).  The United States Court of Appeals for the Tenth Circuit has recognized:

> Generally, a "motion for reconsideration, not recognized by the Federal Rules of Civil Procedure, Clough v. Rush, 959 F.2d 182, 186 n.4 (10th Cir. 1992), may be construed in one of two ways: if filed within 10 days of the district court's entry of judgment, it is treated as a motion to alter or amend the judgment under Rule 59(e); if filed more than 10 days after entry of judgment, it is treated as a motion for relief from judgment under Rule 60(b)." Computerized Thermal Imaging, Inc. v. Bloomberg, L.P., 312 F.3d 1292, 1296 n.3 (10th Cir. 2002).

Price v. Philpot, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005).  The time limit in rule 59(e) is now 28 days rather than ten days.  See Fed. R. Civ. P. 59(e).  A motion for reconsideration under rule 59(e) is an "inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion."  Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).  "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  Servants of Paraclete v. Does, 204 F.3d at 1012.  "Thus, a motion for reconsideration is

appropriate where the court has misapprehended the facts, a party's position, or the controlling law." Servants of Paraclete v. Does, 204 F.3d at 1012.  A district court has considerable discretion in ruling on a motion to reconsider under rule 59(e).  See Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997).

Rule 60 authorizes a district court to "[o]n motion and just terms . . . relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons," including "any other reason that justifies relief."  Fed. R. Civ. P. 60(b).  A court cannot enlarge the time for filing a rule 59(e) motion.  See Brock v. Citizens Bank of Clovis, 841 F.2d 344, 347 (10th Cir. 1988)(holding that district courts lack jurisdiction over untimely rule 59(e) motions); Plant Oil Powered Diesel Fuel Sys., Inc. v. ExxonMobil Corp., No. 11-0103, 2012 WL 869000, at *2 (D.N.M. Mar. 8, 2012)(Browning, J.)("The Court may not extend the time period for timely filing motions under Rule 59(e) . . . .").  "A motion under rule 59 that is filed more than 28 days after entry of judgment may be treated as a Rule 60(b) motion for relief from judgment."  12 J. Moore, Moore's Federal Practice § 59.11[4][b], at 59-32 (3d ed. 2012)(citations omitted).  Nevertheless, a court will not generally treat an untimely rule 59(e) motion as a rule 60(b) motion when the party is seeking "'reconsideration of matters properly encompassed in a decision on the merits' contemplated by Rule 59(e)."  Jennings v. Rivers, 394 F.3d 850, 854 (10th Cir. 2005).

Under some circumstances, a party can rely on rule 60(b)(1) for a mistake by their attorney or when their attorney acted without their authority.  See Yapp v. Excel Corp., 186 F.3d 1222, 1231 (10th Cir. 1999)("Rule 60(b)(1) motions premised upon mistake are intended to provide relief to a party . . . when the party has made an excusable litigation mistake or an attorney has acted without authority . . . .").  Mistake in this context entails either acting without the client's consent or making a litigation mistake, such as failing to file or comply with deadlines.  See Yapp v. Excel Corp., 186 F.3d at 1231.  If the alleged incident entails a mistake, then it must be excusable, meaning that the

party was not at fault.  See Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 394

(1993)("This leaves, of course, the Rule's requirement that the party's neglect be 'excusable.'");

Cashner v. Freedom Stores, Inc., 98 F.3d 572, 577 (10th Cir. 1996)("If the mistake alleged is a

party's litigation mistake, we have declined to grant relief under Rule 60(b)(1) when the mistake was

the result of a deliberate and counseled decision by the party."); Pelican Prod. Corp. v. Marino, 893

F.2d 1143, 1146 (10th Cir. 1990)(holding attorney carelessness is not a basis for relief under Rule

60(b)(1)).

Courts will not grant relief when the mistake of which the movant complains is the result of

an attorney's deliberate litigation tactics.  See Cashner v. Freedom Stores, Inc., 98 F.3d at 577.  This

rule exists because a party

> voluntarily chose [the] attorney as his representative in the action, and he cannot now
> avoid the consequences of the acts or omissions of this freely selected agent. Any
> other notion would be wholly inconsistent with our system of representative
> litigation, in which each party is deemed bound by the acts of his lawyer agent and
> is considered to have notice of all facts, notice of which can be charged upon the
> attorney.

Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. at 397 (quoting Link v. Wabash R.

Co., 370 U.S. 626, 633-34 (1962))(internal quotation marks omitted).  The Tenth Circuit has held

that there is nothing "novel" about "the harshness of penalizing [a client] for his attorney's conduct"

and has noted that those "who act through agents are customarily bound," even though, when "an

attorney is poorly prepared to cross-examine an expert witness, the client suffers the consequences."

Gripe v. City of Enid, Okla., 312 F.3d 1184, 1189 (10th Cir. 2002).  The Court has previously stated:

> There is a tension between how the law treats attorney actions that are without
> authority, thus permitting relief under rule 60(b), and how the law treats those
> attorney actions which are inexcusable litigations decisions, thus failing to qualify
> for relief; although the distinction between those actions may not always be logical,
> it is well established.

Wilson v. Jara, No. 10-0797, 2012 WL 1684595, at *7 (D.N.M. May 10, 2012)(Browning, J.).[2]

_____

[2]The Supreme Court of the United States has recognized that individuals must be "held accountable for the acts and omissions of their chosen counsel," and that the "proper focus is upon whether the neglect of respondents and their counsel was excusable."  Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'Ship, 507 U.S. 380, 397 (1993)(emphasis original).  At the same time, the Tenth Circuit has held that when counsel acts without authority, rule 60(b)(1) provides relief from judgment.  See Cashner v. Freedom Stores, Inc., 98 F.3d at 576 ("[A]s a general proposition, the 'mistake' provision in Rule 60(b)(1) provides for the reconsideration of judgment only where . . . an attorney in the litigation has acted without authority from a party . . . .").  "There is a tension between these decisions, because, ordinarily, a client will not authorize his or her attorney to act in a negligent manner or to make a mistake."  Wilson v. Jara, 2012 WL 1684595, at *7 n.7.  The Court is inclined to conclude that, when the client acknowledges that he or she has hired the attorney, there is a difference between decisions which terminate the litigation, such as settlement or a stipulation of dismissal, and other litigation decisions, because decisions to terminate the litigation are ordinarily left to the client.  See Chavez v. Primus Auto. Fin. Servs., 125 F.3d 861, 1997 WL 634090, at *4-5 (10th Cir. 1997)(unpublished table decision)(citing Navajo Tribe of Indians v. Hanosh Chevrolet-Buick, Inc., 106 N.M. 705, 707, 749 P.2d 90, 92 (1988); Bolles v. Smith, 92 N.M. 524, 526, 591 P.2d 278, 280 (1979)).  "Otherwise the Court has difficulty explaining attorney decisions which are made without authority and attorney decisions for which it is acceptable that the client suffer the consequences."  Wilson v. Jara, 2012 WL 1684595, at *7 n.7.  In Chavez v. Primus Auto. Fin. Servs., the Tenth Circuit recognized that "the mere employment of an attorney does not give him the actual, implied or apparent authority to compromise his client's case."  1997 WL 634090, at *4.  Few Tenth Circuit cases analyze whether an attorney has acted without authority.  The cases in which the Tenth Circuit has found a lack of authority appear to fall into two categories: (i) cases in which the attorney entered an appearance without the client's knowledge, see FDIC v. Oaklawn Apartments, 959 F.2d at 175-76 (finding that there were factual issues which the district court needed to resolve where "[t]here is nothing in the record indicating when Appellants became aware of the lawsuit and of Newcombe's purported representation" ); and (ii) cases in which the attorney's actions terminate the litigation, see Thomas v. Colo. Trust Deeds Funds, Inc., 366 F.2d at 139-40 (finding that, as to one of the plaintiffs, "the record shows that he did not participate in the transactions and negotiations with the S.E.C. and did not consent to the execution of the stipulation of the judgment"); Cashner v. Freedom Stores, Inc., 98 F.3d at 577 (citing with approval Surety Ins. Co. of Cal. v. Williams, 729 F.2d 581, 582-83 (8th Cir. 1984), which held that a "judgment entered upon an agreement by the attorney may be set aside on affirmative proof that the attorney had no right to consent to its entry").  Because decisions that terminate the litigation are ordinarily the client's prerogative, those decisions fit more squarely within rule 60(b)(1)'s "lack of consent" prong.  Decisions where the purported client is unaware of the litigation, or of the attorney's attempt to act on his or her behalf, would also fit within rule 60(b)(1)'s "lack of consent" prong, because an individual has the right to choose his or her own attorney, or whether he or she wishes to have any attorney.  Other litigation decisions are made jointly or are within the attorney's control, see Model Code of Prof'l Conduct R. 1.2 cmt. 1 (2011) ("With respect to the means by which the client's objectives are to be pursued, the lawyer shall consult with the client . . . and may take such action as is impliedly authorized to carry out the

Rule 60(b)(6) is a "grand reservoir of equitable power to do justice in a particular case." Van Skiver v. United States, 952 F.2d 1241, 1244 (10th Cir. 1991)(internal quotation marks omitted). "If the reasons offered for relief from judgment could be considered under one of the more specific clauses of Rule 60(b)(1)-(5), those reasons will not justify relief under Rule 60(b)(6)." 12 J. Moore, supra § 60.48[2], at 60-182. Accord Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863 n.11 ("This logic, of course, extends beyond clause (1) and suggests that clause (6) and clauses (1) through (5) are mutually exclusive."). "The Rule does not particularize the factors that justify relief, but we have previously noted that it provides courts with authority 'adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice,' while also cautioning that it should only be applied in 'extraordinary circumstances.'" Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. at 863. Generally, the situation must be one beyond the control of the party requesting relief under rule 60(b)(6) to warrant relief. See Ackermann v. United States, 340

---

representation."); Pittman ex rel. Sykes v. Franklin, 282 F.App'x 418, 427 n.6 (6th Cir. 2008)(unpublished)("[T]he decision to allege comparative fault as an affirmative defense falls within a narrow band of circumstance in which an attorney may act without consulting his or her client"), and, thus, to give final judgments meaning and allow cases to terminate, it is logical that those decisions must fall within the "excusable litigation mistake" prong, or be based on a substantive mistake of law or fact. Although the Tenth Circuit does not appear to have expressed its views on where the line is drawn between attorneys acting without consent and litigation mistakes, or acknowledged the tension between these two categories, the Court believes that the appropriate division is, when the client is aware that the attorney is acting on his or her behalf, between decisions which dispose of the case and ordinarily require client consent, and other routine attorney decisions which take place over the course of the case. The Court also notes that rules of professional conduct require, "[i]n a criminal case," for a lawyer to "abide by the client's decision, after consultation with the lawyer, as to the plea to be entered, whether to waive a jury trial and whether the client will testify." Model Rules of Prof'l Conduct R. 1.2(a). While a decision on the plea to be entered in a criminal case is comparable to whether to settle a civil a case, the Court has not located any decisions permitting rule 60(b) relief when a civil attorney waives his or her client's right to jury trial. One unpublished decision from the United States Court of Appeals for the Fourth Circuit discussed briefly a scenario where, without resolving the merits of the issue, a criminal defendant raised through a rule 60(b) motion in a habeas preceding that "his trial counsel had prevented him from testifying in his defense." United States v. McMahan, 8 F.App'x 272, 274 (4th Cir. 2001)(unpublished).

U.S. 193, 202 (1950)("The comparison [of prior precedent] strikingly points up the difference between no choice and choice; imprisonment and freedom of action; no trial and trial; no counsel and counsel; no chance for negligence and inexcusable negligence.  Subsection 6 of Rule 60(b) has no application to the situation of petitioner.").  Legal error that provides a basis for relief under rule 60(b)(6) must be extraordinary, as the Tenth Circuit discussed in Van Skiver v. United States:

> The kind of legal error that provides the extraordinary circumstances justifying relief under Rule 60(b)(6) is illustrated by Pierce [v. Cook & Co., 518 F.2d 720, 722 (10th Cir. 1975)(en banc)].  In that case, this court granted relief under 60(b)(6) when there had been a post-judgment change in the law "arising out of the same accident as that in which the plaintiffs . . . were injured."  Pierce, 518 F.2d at 723.  However, when the post-judgment change in the law did not arise in a related case, we have held that "[a] change in the law or in the judicial view of an established rule of law" does not justify relief under Rule 60(b)(6).  Collins v. City of Wichita, 254 F.2d 837, 839 (10th Cir. 1958).

952 F.2d at 1244-45.

## LAW REGARDING RULE 41(a)

Rule 41(a) provides:

(1)   **By the Plaintiff.**

    (A)   **Without a Court Order.**  Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

        (i)   a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

        (ii)   a stipulation of dismissal signed by all parties who have appeared.

    (B)   **Effect.**  Unless the notice or stipulation states otherwise, the dismissal is without prejudice.  But if the plaintiff previously dismissed any federal -- or state -- court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

(2)   **By Court Order; Effect.**  Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that

> the court considers proper.  If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication.  Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a).  "The filing of a notice of dismissal pursuant to Rule 41(a)(1)(i)[3] does not require an order of the court."  Janssen v. Harris, 321 F.3d 998, 1000 (10th Cir. 2003).  "Under Rule 41(a)(1)(i), a plaintiff has an absolute right to dismiss without prejudice and no action is required on the part of the court."  Janssen v. Harris, 321 F.3d at 1000.  "[O]nce a Rule 41(a)(1) dismissal has been filed, 'the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them.'"  Netwig v. Ga. Pac. Corp., 375 F.3d 1009, 1011 (10th Cir. 2004).  As the Tenth Circuit has stated:

> The [filing of a Rule 41(a)(1)(i) notice] itself closes the file.  There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play.  This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court.  There is not even a perfunctory order of court closing the file.  Its alpha and omega was the doing of the plaintiff alone.  The effect of the filing of a notice of dismissal pursuant to Rule 41(a)(1)(i) is to leave the parties as though no action had been brought.  Once the notice of dismissal has been filed, the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them.

Janssen v. Harris, 321 F.3d at 1000 (alteration in original)(quoting Duke Energy Trading & Mktg., LLC v. Davis, 267 F.3d 1042, 1049 (9th Cir. 2001)).

When a defendant seeks to reinstate a case that the plaintiff dismissed under rule 41(a)(1)(A)(i) without prejudice, a district court lacks jurisdiction under rule 60(b) to reinstate the case.  See Netwig v. Ga. Pac. Corp., 375 F.3d at 1010-11 ("[The district court] did not address the critical issue here -- whether a court may invoke Rule 60(b) to reinstate a voluntarily dismissed case

---

[3]In 2007, rule 41(a)(1)(i) became rule 41(a)(1)(A)(i).  See Fed. R. Civ. P. 41 advisory committee's note to 2007 amendment.  The Tenth Circuit has acknowledged that "the change was not substantive."  De Leon v. Marcos, 659 F.3d 1276, 1283 n.7 (10th Cir. 2011).

over plaintiff's objection. . . .  Appellant's dismissal was effective upon filing, and the Kansas district court lacked jurisdiction to reinstate the Kansas case.").  Nevertheless, when the dismissal under rule 41(a)(1)(A)(i) is with prejudice, "the voluntary dismissal with prejudice operates as a final adjudication on the merits and is thus a final judgment."  Schmier v. McDonald's LLC, 569 F.3d 1240, 1242 (10th Cir. 2009)(citation omitted)(internal quotation marks omitted).  "Like other final judgments, a dismissal with prejudice under Rule 41(a)(1)(A)(i) can be set aside or modified under Federal Rule of Civil Procedure 60(b)."  Schmier v. McDonald's LLC, 569 F.3d at 1242.  The Tenth Circuit has further held, without distinguishing between dismissal with prejudice and those without prejudice, "that a plaintiff who has dismissed his claim by filing notice under Rule 41(a)(1)(A)(i) 'may move before the district court to vacate the notice on any of the grounds specified in Rule 60(b).'"  Schmier v. McDonald's LLC, 569 F.3d at 1242.  The Tenth Circuit recognized, however, that the plaintiff must still satisfy the requirements of rule 60(b) to warrant relief.  See Schmier v. McDonald's LLC, 569 F.3d at 1242 ("But the merit of the motion is another matter.").

The Tenth Circuit has applied many of these same principles to dismissals under rule 41(a)(1)(A)(ii).  "A stipulation of dismissal filed under Rule 41(a)(1)(A)(i) or (ii) is self-executing and immediately strips the district court of jurisdiction over the merits."  De Leon v. Marcos, 659 F.3d 1276, 1283 (10th Cir. 2011).  While the De Leon v. Marcos opinion could be read as counseling district courts to not enter a final judgment following a voluntary dismissal, when read with the law regarding entering final judgments, see Allison v. Bank One-Denver, 289 F.3d 1223, 1232-33 (10th Cir. 2002)("The Supreme Court has recognized that the separate-document rule must be 'mechanically applied' in determining whether an appeal is timely . . . ."), the better rule may be to allow the district court to enter a final judgment as long as it does not affect the merits of the case in any way, see Janssen v. Harris, 321 F.3d at 1000 (recognizing that any action a district court takes

following a voluntary dismissal under rule 41(a)(1) is "superfluous, a nullity, and without procedural effect for purposes of appeal or otherwise"); Rubin v. Schottenstein, Zox & Dunn, 110 F.3d 1247, 1250-53 (6th Cir. 1997)(discussing the potential problems that can arise when there is no separate judgment in the context of a voluntary dismissal), vacated on other grounds by 143 F.3d 263 (6th Cir. 1998)(en banc).

In a case involving dismissal with prejudice under rule 41(a)(1)(ii), the Tenth Circuit has held: "We agree with the Seventh Circuit that '[a]n unconditional dismissal terminates federal jurisdiction except for the limited purpose of reopening and setting aside the judgment of dismissal within the scope allowed by [Fed.R.Civ.P.] 60(b).'" Smith v. Phillips, 881 F.2d 902, 904 (10th Cir. 1989)(alterations in original). The United States Court of Appeals for the Eleventh Circuit has questioned whether parties can use rule 60(b) to vacate a rule 41(a)(1)(A)(ii) dismissal, but did not hold that parties cannot use rule 60(b) in these instances. See State Treasurer of the State of Mich. v. Barry, 168 F.3d 8, 19 & n.9 (11th Cir. 1999)("Arguably, Fed.R.Civ.P. 60(b) may provide such relief. A stumbling block, however, in cases such as this one where the parties stipulated to the voluntary dismissal, is that a Rule 41(a)(1)(ii) stipulated dismissal need not be by order of the court."). The United States Court of Appeals for the Sixth Circuit has recognized that, when the stipulated dismissal under rule 41(a)(1)(A)(ii) is with prejudice, the stipulation "terminate[s] the district court's 'jurisdiction except for the limited purpose of reopening and setting aside the judgment of dismissal within the scope allowed by Rule 60(b)' of the Federal Rules of Civil Procedure." Hinsdale v. Farmers Nat'l Bank & Trust Co., 823 F.2d 993, 995-96 (6th Cir. 1987)(quoting McCall-Bey v. Franzen, 777 F.2d 1178, 1190 (7th Cir. 1985)). Professor James Moore has more broadly stated: "The court retains jurisdiction to vacate a stipulation of dismissal under Rule 60(b), enabling it to reopen the case." 8 J. Moore, Moore's Federal Practice § 41.34[6][i], at 41-128 (3d ed. 2012). The Supreme Court of the United States has also suggested

that it is permissible to reopen a case that the parties voluntarily dismissed under rule 41(a)(1)(A)(ii)

in some instances where a party breaches the agreement that predicated the stipulation of dismissal:

> The dismissal in this case issued pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii), which provides for dismissal "by filing a stipulation of dismissal signed by all parties who have appeared in the action," and causes that dismissal to be with prejudice if (as here) the stipulation so specifies.  Neither the Rule nor any provision of law provides for jurisdiction of the court over disputes arising out of an agreement that produces the stipulation.  It must be emphasized that what respondent seeks in this case is enforcement of the settlement agreement, and not merely reopening of the dismissed suit by reason of breach of the agreement that was the basis for dismissal.  Some Courts of Appeals have held that the latter can be obtained under Federal Rule of Civil Procedure 60(b)(6).

Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378 (1994).

## LAW REGARDING FINAL JUDGMENTS

"A final decision is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."  Rekstad v. First Bank Sys., 238 F.3d 1259, 1261 (10th Cir. 2001) (internal quotation marks omitted).  Rule 58 of the Federal Rules of Civil Procedure provides, in relevant part:

> (a)   **Separate Document.**  Every judgment and amended judgment must be set out in a separate document, but a separate document is not required for an order disposing of a motion:
>
>     (1)     for judgment under Rule 50(b);
>
>     (2)     to amend or make additional findings under Rule 52(b);
>
>     (3)     for attorney's fees under Rule 54;
>
>     (4)     for a new trial, or to alter or amend the judgment, under Rule 59; or
>
>     (5)     for relief under Rule 60.[4]
>
> . . . .

---

[4]Notably, dismissals under rule 41 are not expressly excepted from rule 58(a).

(d)     **Request for Entry.**   A party may request that judgment be set out in a
         separate document as required by Rule 58(a).

Fed. R. Civ. P. 58.

The Supreme Court has recognized that the separate-document rule must be
"mechanically applied" in determining whether an appeal is timely, <u>Bankers Trust
Co. v. Mallis</u>, 435 U.S. 381, 386 . . . (1978)(internal citation omitted), and has stated
further that, "absent a formal judgment," a district court's order remains appealable.
<u>Shalala v. Schaefer</u>, 509 U.S. 292, 303 . . . (1993).  Although parties may waive Rule
58's separate-document requirement by allowing an appeal to go forward, <u>see
Bankers Trust</u>, 435 U.S. at 384 . . . , such waiver cannot be used to defeat appellate
jurisdiction.  <u>Clough v. Rush</u>, 959 F.2d 182, 186 (10th Cir. 1992).

<u>Allison v. Bank One-Denver</u>, 289 F.3d at 1232-33.

[T]he separate document rule is a technical one.  But, as its name implies, it
generally requires that judgment be entered in a separate document, one that is "not
made part of the opinion and order" of the court.  <u>Mondragon v. Thompson</u>, 519 F.3d
1078, 1082 (10th Cir. 2008).  A combined document denominated an "Order and
Judgment," containing factual background, legal reasoning, as well as a judgment,
generally will not satisfy the rule's prescription.  <u>See, e.g.</u>, <u>Clough v. Rush</u>, 959 F.2d
182, 185 (10th Cir. 1992) (holding that a district court's summary judgment order
did not meet Rule 58's requirements because it was "fifteen pages long [and] it
contain[ed] detailed legal analysis and reasoning") . . . .

<u>In re Taumoepeau</u>, 523 F.3d 1213, 1217 (10th Cir. 2008)(footnote omitted).  The Supreme Court

has stated that the separate-document requirement "must be mechanically applied in order to avoid

new uncertainties as to the date on which a judgment is entered."  <u>United States v. Indrelunas</u>, 411

U.S. 216, 221-22 (1973)(per curiam), <u>disavowed in part on other grounds by</u> <u>Bankers Trust Co v.

Mallis</u>, 435 U.S. at 386 n.7.  The separate-document requirement was imposed to remove the

"considerable uncertainty over what actions of the District Court would constitute an entry of

judgment, and [the] occasional grief to litigants as a result of this uncertainty."  <u>United States v.

Indrelunas</u>, 411 U.S. at 220.

The separate-document requirement was thus intended to avoid the inequities that
were inherent when a party appealed from a document or docket entry that appeared
to be a final judgment of the district court only to have the appellate court announce
later that an earlier document or entry had been the judgment and dismiss the appeal

-18-

as untimely.  The 1963 amendment to Rule 58 made clear that a party need not file
a notice of appeal until a separate judgment has been filed and entered.

Bankers Trust Co. v. Mallis, 435 U.S. 381, 385 (1978).

"A judgment must be a self-contained document, saying who has won and what relief has
been awarded, but omitting the reasons for this disposition, which should appear in the court's
opinion."  In re Taumoepeau, 523 F.3d at 1217 (internal quotation marks omitted).  Besides its
importance in determining when the time clock starts ticking for purposes of an appeal, "[s]trict
application of Rule 58 eliminates any question as to when the clock for filing post judgment motions
. . . begins to tick.  Orders disposing of certain enumerated motions, including post judgment
motions under Fed.R.Civ.P. 59 and 60, are excepted from Rule 58's separate judgment
requirement."  Warren v. Am. Bankers Ins. of Fla., 507 F.3d 1239, 1242 (10th Cir. 2007).  Thus, the
Tenth Circuit "strictly adhere[s] to the Supreme Court's directive to apply Rule 58 'mechanically.'"
Warren v. Am. Bankers Ins. of Fla., 507 F.3d at 1243.

## ANALYSIS

The Court will deny the Motion.  The Court concludes that it has jurisdiction to hear the
Motion under rule 60(b) for purposes of vacating the stipulated dismissal without prejudice.  The
Court does not believe, however, that the Defendants have satisfied any of the bases under rule 60(b)
for relief.  First, the nature of the mistake counsel for the Defendants made, if any, does not permit
rule 60(b)(1) relief, and the Defendants have not presented any evidence to the effect that their
counsel lacked authority to dismiss this action without prejudice.  Second, the Court does not believe
that the second lawsuit Federated Towing has recently filed counsels in favor of relief under rule
60(b)(2).  Third, the Court does not believe that allegedly fraudulent joinder warrants relief under
rule 60(b)(3) under the circumstances presented.  Last, the Court concludes that the Defendants have

not presented any other sound basis for relief under rule 60(b).

**I.     THE COURT HAS JURISDICTION UNDER RULE 60(b) TO ENTERTAIN THE MOTION.**

Federated Towing has directed the Court to authority from other circuits that calls into question whether a rule 60(b) motion is appropriate in the context of a stipulated dismissal under rule 41(a)(1)(A)(ii). For instance, the Eleventh Circuit has questioned whether parties can use rule 60(b) to vacate a rule 41(a)(1)(A)(ii) dismissal, but did not hold that parties cannot use rule 60(b) in these instances. See State Treasurer of the State of Mich. v. Barry, 168 F.3d at 19 & n.9 ("Arguably, Fed.R.Civ.P. 60(b) may provide such relief. A stumbling block, however, in cases such as this one where the parties stipulated to the voluntary dismissal, is that a Rule 41(a)(1)(ii) stipulated dismissal need not be by order of the court."). In an unpublished decision, the United States Court of Appeals for the Eighth Circuit held: "A voluntary dismissal by stipulation under Rule 41(a)(1)(ii), however, is effected without order of court; therefore, there is no final order or judgment from which a party may seek relief under Rule 60(b)." Scher v. Ashcroft, 960 F.2d 1053, 1992 WL 83547, at *1 (8th Cir. 1992)(per curiam)(unpublished table decision). Additionally, one commentator has noted that the proper procedure in these circumstances is to move to vacate the stipulated dismissal. See O'Connor's Federal Rules * Civil Trials 2006 § 4.3, at 457 (M. Smith ed., 2006).

Nevertheless, the Court does not believe that the Tenth Circuit would follow that authority. In a case involving dismissal with prejudice under rule 41(a)(1)(ii), the Tenth Circuit has held: "We agree with the Seventh Circuit that '[a]n unconditional dismissal terminates federal jurisdiction except for the limited purpose of reopening and setting aside the judgment of dismissal within the scope allowed by [Fed.R.Civ.P.] 60(b).'" Smith v. Phillips, 881 F.2d at 904 (alterations in original).

While Smith v. Phillips involved dismissal with prejudice, it did not distinguish between dismissals with or without prejudice.  That holding leads the Court to conclude that the Tenth Circuit would recognize that a district court has jurisdiction to hear a rule 60(b) motion to set aside a voluntary dismissal without prejudice under rule 41(a)(1)(A)(ii).  The Court also finds it helpful to look to the Tenth Circuit's precedents analyzing rule 41(a)(1)(A)(i) to support this conclusion.

In the context of rule 41(a)(1)(A)(i), the Tenth Circuit has stated: "Like other final judgments, a dismissal with prejudice under Rule 41(a)(1)(A)(i) can be set aside or modified under Federal Rule of Civil Procedure 60(b)."  Schmier v. McDonald's LLC, 569 F.3d at 1242.  The Tenth Circuit has further held, without distinguishing between dismissals with prejudice and those without prejudice, "that a plaintiff who has dismissed his claim by filing notice under Rule 41(a)(1)(A)(i) 'may move before the district court to vacate the notice on any of the grounds specified in Rule 60(b).'"  Schmier v. McDonald's LLC, 569 F.3d at 1242.  That case, however, involved a voluntary dismissal with prejudice.  See Schmier v. McDonald's LLC, 569 F.3d at 1241-42.  While the Tenth Circuit has not addressed this exact scenario in the context of rule 41(a)(1)(A)(ii), the Court believes that the Tenth Circuit's rule 41(a)(1)(A)(i) precedent and its Smith v. Phillips decision indicate that the Tenth Circuit would not follow the authorities to which Federated Towing has cited.  The Tenth Circuit has acknowledged that a plaintiff can properly use a rule 60(b) motion to set aside a voluntary dismissal under rule 41(a)(1)(A)(i).  See Schmier v. McDonald's LLC, 569 F.3d at 1242.  The Tenth Circuit has recognized that the same jurisdictional concerns arise in both the context of rule 41(a)(1)(A)(i) and (ii), making precedent interpreting one provision particularly helpful in interpreting the other.  See De Leon v. Marcos, 659 F.3d at 1283 ("A stipulation of dismissal filed under Rule 41(a)(1)(A)(i) or (ii) is self-executing and immediately strips the district court of jurisdiction over the merits.").  The Court also finds it significant that the United States Court of

Appeals for the Seventh Circuit, which the Tenth Circuit followed in <u>Smith v. Phillips</u>, has recently

stated that, in the context of a voluntary dismissal without prejudice under rule 41(a)(1)(A)(i), a

district court has jurisdiction to consider the plaintiff's rule 60(b) motion to reinstate the case:

> DHS offers the example of a defendant faking his own death with a fraudulent death
> certificate in order to induce a plaintiff to voluntarily dismiss.   In those
> circumstances, DHS posits that, if all other requirements of Rule 60(b) were met, the
> district court would be able to grant relief to the plaintiff.  We agree that there may
> be instances where a district court may grant relief under Rule 60(b) to a plaintiff
> who has voluntarily dismissed the action.

<u>Nelson v. Napolitano</u>, 657 F.3d 586, 588-89 (7th Cir. 2011).[5]

It is necessary to address one unique situation that can arise under rule 41(a)(1)(A)(i) that

cannot arise under rule 41(a)(1)(A)(ii).  The Tenth Circuit has recognized that, when the defendant

seeks to reinstate a case that the plaintiff dismissed under rule 41(a)(1)(A)(i) without prejudice, a

district court lacks jurisdiction under rule 60(b) to reinstate the case.  <u>See</u> <u>Netwig v. Ga. Pac. Corp.</u>,

375 F.3d at 1010-11 ("[The district court] did not address the critical issue here -- whether a court

may invoke Rule 60(b) to reinstate a voluntarily dismissed case over plaintiff's objection. . . .

Appellant's dismissal was effective upon filing, and the Kansas district court lacked jurisdiction to

reinstate the Kansas case.").  The Tenth Circuit has characterized this situation as "a narrow

exception to the general rule."   <u>Schmier v. McDonald's LLC</u>, 569 F.3d at 1242 ("We have

recognized only a narrow exception to this general rule.  In <u>Netwig v. Georgia Pacific Corp.</u>, we held

that the district court lacked jurisdiction to consider <u>defendants</u>' motion to reinstate a claim that had

---

[5]An earlier unpublished decision in the Seventh Circuit, which dealt with rule 41(a)(1)(ii)
but involved a similar scenario where the dismissal was without prejudice, appears in conflict with
this published Seventh Circuit decision.  <u>See</u> <u>Boran v. United Migrant Opportunity Servs., Inc.</u>, 99
F.App'x 64, 68 (7th Cir. 2004)(unpublished)("The district court was divested of jurisdiction when
all parties agreed to the voluntary dismissal.").  Given that the later decision is published, the Court
believes that, to the extent the cases conflict, the Seventh Circuit would follow the more recent,
published decision.

been voluntarily dismissed without prejudice by the plaintiff under Rule 41(a)(1)(A)(i)" (citation omitted)).  It is important to remember that a plaintiff acts unilaterally under rule 41(a)(1)(A)(i). See Janssen v. Harris, 321 F.3d at 1000 ("Under Rule 41(a)(1)(i), a plaintiff has an absolute right to dismiss without prejudice and no action is required on the part of the court.").  Unilateral action cannot occur under rule 41(a)(1)(A)(ii), however, because rule 41(a)(1)(A)(ii) requires the consent of both the plaintiff and the defendant for dismissal to occur.  See Fed. R. Civ. P. 41(a)(1)(A) ("[T]he plaintiff may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared.").  Thus, the "narrow exception to the general rule," the general rule being that a court may entertain a rule 60(b) motion to set aside a voluntary dismissal under rule 41(a)(1)(A)(i), where a defendant may not set aside a plaintiff's voluntary dismissal without prejudice is not applicable in the context of rule 41(a)(1)(A)(ii).  A plaintiff cannot act unilaterally under rule 41(a)(1)(A)(ii), so both parties could appropriately move for rule 60(b) relief to set aside the stipulation of dismissal.

Importantly, several other courts besides the Tenth Circuit, including the Supreme Court, have held or suggested that rule 60(b) permits relief to vacate a stipulation of dismissal under rule 41(a)(1)(A)(ii).  The Sixth Circuit has recognized that, when the stipulated dismissal under rule 41(a)(1)(A)(ii) is with prejudice, the stipulation "terminate[s] the district court's 'jurisdiction except for the limited purpose of reopening and setting aside the judgment of dismissal within the scope allowed by Rule 60(b)' of the Federal Rules of Civil Procedure."  Hinsdale v. Farmers Nat'l Bank & Trust Co., 823 F.2d at 995-96 (quoting McCall-Bey v. Franzen, 777 F.2d at 1190).  Professor Moore has stated: "The court retains jurisdiction to vacate a stipulation of dismissal under Rule 60(b), enabling it to reopen the case."  8 J. Moore, supra § 41.34[6][i], at 41-128.  Moore did not distinguish between dismissals with prejudice and dismissals without prejudice.  The Supreme Court

has also suggested that it is permissible to reopen a case that the parties voluntarily dismissed under

rule 41(a)(1)(A)(ii) in some instances where a party breaches the agreement that predicated the

stipulation of dismissal:

> The dismissal in this case issued pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii), which provides for dismissal "by filing a stipulation of dismissal signed by all parties who have appeared in the action," and causes that dismissal to be with prejudice if (as here) the stipulation so specifies. Neither the Rule nor any provision of law provides for jurisdiction of the court over disputes arising out of an agreement that produces the stipulation. It must be emphasized that what respondent seeks in this case is enforcement of the settlement agreement, and not merely reopening of the dismissed suit by reason of breach of the agreement that was the basis for dismissal. Some Courts of Appeals have held that the latter can be obtained under Federal Rule of Civil Procedure 60(b)(6). See, e.g., Keeling v. Sheet Metal Workers Int'l Assn., 937 F.2d 408, 410 (9th Cir. 1991); Fairfax Countywide Citizens Assn. v. Fairfax County, 571 F.2d 1299, 1302-1303 (4th Cir. 1978). But see Sawka v. Healtheast, Inc., 989 F.2d 138, 140-141 (3d Cir. 1993)(breach of settlement agreement insufficient reason to set dismissal aside on Rule 60(b)(6) grounds); Harman v. Pauley, 678 F.2d 479, 480-481 (4th Cir. 1982)( Rule 60(b)(6) does not require vacating dismissal order whenever a settlement agreement has been breached).

Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. at 378 (footnote omitted).

The Tenth Circuit has strongly encouraged district courts to prepare and file a separate piece

of paper under rule 58 designated as a final judgment. See, e.g., In re Taumoepeau, 523 F.3d at

1217 ("[T]he separate document rule is a technical one. But, as its name implies, it generally

requires that judgment be entered in a separate document, one that is 'not made part of the opinion

and order' of the court."); Allison v. Bank One-Denver, 289 F.3d at 1232-33 ("The Supreme Court

has recognized that the separate-document rule must be 'mechanically applied' in determining

whether an appeal is timely . . . ."). The separate-document requirement was imposed to remove

the "considerable uncertainty over what actions of the District Court would constitute an entry of

judgment, and [the] occasional grief to litigants as a result of this uncertainty." United States v.

Indrelunas, 411 U.S. at 220. At a recent Tenth Circuit Judicial Conference, the Honorable Deanell

Reece Tacha, then Chief Judge of the Tenth Circuit, authorized the Honorable Harris L. Hartz, Circuit Judge for the Tenth Circuit, to come to the district judges' breakfast and remind the district judges to do this: file a piece of paper designated as a final judgment in each case.  The Tenth Circuit has not distinguished with its admonition between judgments and dismissals under rule 41. Accordingly, the Court has tried to religiously follow the Tenth Circuit's admonition, and files final judgments after agreed dismissals, whether by order or by stipulation.  Besides trying to be faithful to the Tenth Circuit's instructions and precedents, the Court notes -- particularly in the age of CM/ECF filings -- that the rule 41(a)(1)(A)(ii) stipulations are not signed by all parties; one party signs and the others "approve."  To avoid any argument that the faulty stipulation did not terminate the suit, or any other potential complications, the Court files a final judgment.  See Rubin v. Schottenstein, Zox & Dunn, 110 F.3d at 1250-53 (discussing the potential problems that can arise when there is no separate judgment in the context of a voluntary dismissal).[6]

Given this practice, which the Court considers best practices, there are additional reasons to permit parties to file rule 60(b) motions to reinstate a case following a stipulation of dismissal when the Court has entered a final judgment.  Clarity suggests that there should be a final judgment at the end of each case and, with the rare exception in Netwig v. Georgia Pacific Corp., the parties should at least have an opportunity from a jurisdictional standpoint to set aside the stipulated dismissal and/or judgment.  Parties make mistakes in stipulations too, and there is no sound reason to forbid

---

[6]The Court is mindful that "[a] stipulation of dismissal filed under Rule 41(a)(1)(A)(i) or (ii) is self-executing and immediately strips the district court of jurisdiction over the merits." De Leon v. Marcos, 659 F.3d at 1283.  Any final judgment the Court enters in a case that the parties have voluntarily dismissed to memorialize the disposition of the case is, absent some defect in the voluntary dismissal, "superfluous, a nullity, and without procedural effect for purposes of appeal or otherwise." Janssen v. Harris, 321 F.3d at 1000.  The Court certainly cannot affect the merits with a final judgment after a rule 41 dismissal.  Unfortunately, many, if not most, rule 41(a)(1)(A)(ii) dismissals do not comply with rule 41(a)'s requirements.

the parties who agreed to the stipulated dismissal from having the opportunity to bring a rule 60(b) motion to set the stipulated dismissal aside in the same manner as when a party seeks to set aside a final judgment.

Taking those precedents into account and the relevant Tenth Circuit precedent, the Court believes that the Tenth Circuit would conclude that a district court has jurisdiction to hear a rule 60(b) motion seeking to vacate a dismissal under rule 41(a)(1)(A)(ii) for the purposes of reinstating the action.  In a case involving dismissal with prejudice under rule 41(a)(1)(ii), the Tenth Circuit has held: "We agree with the Seventh Circuit that '[a]n unconditional dismissal terminates federal jurisdiction except for the limited purpose of reopening and setting aside the judgment of dismissal within the scope allowed by [Fed.R.Civ.P.] 60(b).'"  Smith v. Phillips, 881 F.2d at 904 (alterations in original).  While Smith v. Phillips involved dismissal with prejudice, it did not distinguish between dismissals with or without prejudice.  The Court also finds it persuasive that the Tenth Circuit has recognized that a plaintiff may take advantage of a rule 60(b) motion to vacate his dismissal with prejudice or without prejudice under rule 41(a)(1)(A)(i), even though there may technically be no final judgment in the instance of a dismissal without prejudice.  Specifically, the Tenth Circuit has held, without distinguishing between dismissal with prejudice and those without prejudice, "that a plaintiff who has dismissed his claim by filing notice under Rule 41(a)(1)(A)(i) 'may move before the district court to vacate the notice on any of the grounds specified in Rule 60(b).'"  Schmier v. McDonald's LLC, 569 F.3d at 1242.  The Court sees no sound basis to distinguish that situation from the one presented here, where one of the parties to a stipulation of dismissal seeks to vacate that dismissal under rule 60(b).

## II.     THE COURT DOES NOT BELIEVE THAT THE DEFENDANTS HAVE MET THE STANDARD FOR RULE 60(b) RELIEF.

The Court does not believe that the Defendants have satisfied any of the bases under rule 60(b) for relief.  First, the nature of the mistake counsel for the Defendants made, if any, does not permit rule 60(b)(1) relief, and the Defendants have not presented any evidence to the effect that their counsel lacked authority to dismiss this action without prejudice.  Second, the Court does not believe that the second lawsuit Federated Towing has recently filed counsels in favor of relief under rule 60(b)(2).  Third, the Court does not believe that allegedly fraudulent/improper joinder falls within the form of fraud contemplated by rule 60(b)(3).  Last, the Court concludes that the Defendants have not presented any other sound basis for relief under rule 60(b).

### A.     RULE 60(b)(1) RELIEF IS NOT APPROPRIATE UNDER THE FACTS PRESENTED.

The Court recognizes that mistakes made by an attorney or an attorney acting without authority can, in some instances, support relief under rule 60(b)(1).  See Yapp v. Excel Corp., 186 F.3d at 1231 ("Rule 60(b)(1) motions premised upon mistake are intended to provide relief to a party . . . when the party has made an excusable litigation mistake or an attorney has acted without authority . . . .").  Mistake in this context entails either acting without the client's consent or making a litigation mistake, such as failing to file or comply with deadlines.  See Yapp v. Excel Corp., 186 F.3d at 1231 ("Rule 60(b)(1) motions premised upon mistake are intended to provide relief to a party . . . when the party has made an excusable litigation mistake or an attorney has acted without authority . . . .").  Courts will not grant relief when the mistake of which the movant complains is the result of an attorney's deliberate litigation tactics.  See Cashner v. Freedom Stores, Inc., 98 F.3d at 577.  This rule exists because a party

voluntarily chose [the] attorney as his representative in the action, and he cannot now

-27-

> avoid the consequences of the acts or omissions of this freely selected agent.  Any
> other notion would be wholly inconsistent with our system of representative
> litigation, in which each party is deemed bound by the acts of his lawyer agent and
> is considered to have notice of all facts, notice of which can be charged upon the
> attorney.

Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. at 397 (quoting Link v. Wabash R.

Co., 370 U.S. at 633-34)(internal quotation marks omitted).  The Tenth Circuit has held that there

is nothing "novel" about "the harshness of penalizing [a client] for his attorney's conduct" and has

noted that those "who act through agents are customarily bound," even though, when "an attorney

is poorly prepared to cross-examine an expert witness, the client suffers the consequences."  Gripe

v. City of Enid, Okla., 312 F.3d at 1189.  The Court has previously stated:

> There is a tension between how the law treats attorney actions that are without
> authority, thus permitting relief under rule 60(b), and how the law treats those
> attorney actions which are inexcusable litigations decisions, thus failing to qualify
> for relief; although the distinction between those actions may not always be logical,
> it is well established.

Wilson v. Jara, 2012 WL 1684595, at *7.

At first blush, it might appear that the alleged mistakes here would fall within the class of

mistakes for which courts have generally recognized rule 60(b)(1) relief is appropriate.  The Court

has previously recognized that the dividing line between attorney mistakes that warrant rule 60(b)(1)

relief and that do not are those that involve "decisions which terminate the litigation, such as

settlement or a stipulation of dismissal, and other litigation decisions, because decisions to terminate

the litigation are ordinarily left to the client."  Wilson v. Jara, 2012 WL 1684595, at *7 n.7.

Nevertheless,

> [t]he rule prevailing in most jurisdictions is that an attorney employed to prosecute
> an action has implied authority, by virtue of such employment, to have the action
> discontinued or dismissed where such discontinuance or dismissal will not operate
> as a bar to the institution of a new action on the same cause, or, as expressed in some
> cases, where the dismissal or other termination is "without prejudice."

C.R. McCorkle, Annotation, <u>Authority of Attorney to Dismiss or Otherwise Terminate Action</u>, 56 A.L.R.2d 1290 (1957 & Supp. 2011)(footnote omitted)(gathering authority from over ten jurisdictions for this proposition).  Federal courts, including the Tenth Circuit, look to state law to determine whether an attorney had authority to take action on behalf of his client.  <u>See</u> <u>Covington v. Cont'l Gen. Tire, Inc.</u>, 381 F.3d 216, 219 (3d Cir. 2004)(analyzing Pennsylvania law to determine whether an attorney had authority to settle a case); <u>Chavez v. Primus Auto. Fin. Servs.</u>, 125 F.3d. 861, 1997 WL 634090, at *4-5 (10th Cir. 1997)("However, an attorney in New Mexico does not, merely by representing his client in settlement negotiations, become vested with apparent or implied authority to settle the client's case.").  Notably, under New Mexico law, third parties can reasonably rely on an agent exercising his or her implied authority such that the principal is bound by the agent's actions in a suit brought by a third party.  <u>See</u> <u>Douglass v. Mut. Ben. Health & Accident Ass'n</u>, 42 N.M. 190, 76 P.2d 453, 458 (1937)("It was important for Douglass to know, as nearly as could be determined, the effective date of the policy, and Pryor had apparent and implied authority to supply this important information, upon which Douglass could rely.").

The Court has not been able to locate a New Mexico case addressing whether an attorney has implied authority to dismiss or to agree to dismissal of a client's case without prejudice.  The Defendants have not directed the Court to any authority addressing this issue.  The Supreme Court of New Mexico has recognized as a general matter: "In order for an attorney to bind a client to a settlement agreement, he must have specific authority to do so, unless there is an emergency or some overriding reason for enforcing the settlement despite the attorney's lack of specific authority." <u>Bolles v. Smith</u>, 92 N.M. 524, 526, 591 P.2d 278, 280 (1979).  Thus, given that language from <u>Bolles v. Smith</u>, New Mexico courts have at least recognized that there is no absolute rule that an attorney must have express authority to settle a client's case -- even when the settlement binds the

client regarding the merits of his claims.  Many New Mexico cases refer to an attorney not having authority to <u>compromise</u> or <u>settle</u> a client's case without express authority, indicating that New Mexico courts are most concerned with an attorney's actions precluding a client from litigating the merits of the case.  See <u>Diversified Dev. & Inv., Inc. v. Heil</u>, 119 N.M. 290, 296, 889 P.2d 1212, 1218 (1995)(stating that an "attorney does not have implied authority to compromise client's cause of action");  <u>Augustus v. John Williams & Assocs., Inc.</u>, 92 N.M. 437, 439, 589 P.2d 1028, 1030 (1979)("A client may give his attorney special or express authority to compromise or settle his cause of action, but such authority must be clear and unequivocal.").  Notably, the Supreme Court of New Mexico, in <u>Augustus v. John Williams & Associates, Inc.</u>, cited as authoritative the <u>American Law Reports</u> annotation that states that an attorney generally has implied authority to agree to dismissal of a client's case without prejudice.  See <u>Augustus v. John Williams & Assocs., Inc.</u>, 92 N.M. at 439, 589 P.2d at 1030 (citing C.R. McCorkle, <u>supra</u>, 56 A.L.R.2d at 1291-92).  It also cited this annotation for the proposition that there are exceptions to the general rule that an attorney cannot compromise or settle a client's case without authority.  See <u>Augustus v. John Williams & Assocs., Inc.</u>, 92 N.M. at 439, 589 P.2d at 1030 ("For other cases which present the case law on the rule and its exceptions . . . . <u>see also</u> Annots., 56 A.L.R.2d 1290 (1957) and 30 A.L.R.2d 944 (1953)."). Given that the Supreme Court of New Mexico has cited this annotation, including to recognize that exceptions to the general rule regarding attorney authority exist, the Court concludes that New Mexico courts would find the annotation persuasive.  Consequently, the Court concludes that the Supreme Court of New Mexico would adopt the "rule prevailing in most jurisdictions . . . that an attorney . . . has implied authority . . . to have the action discontinued or dismissed where such discontinuance or dismissal will not operate as a bar to the institution of a new action on the same cause."  C.R. McCorkle, <u>supra</u>, 56 A.L.R.2d 1290.

-30-

Consequently, the Court believes that New Mexico courts, consistent with other jurisdictions, would draw a dividing line between an attorney having authority to agree to dismissal of a case without prejudice and with prejudice.[7]   An attorney would have implied authority to agree to a dismissal of a case without prejudice, because doing so does not compromise or settle the client's rights, and the client is not precluded from litigating the merits of the case. Cf. Augustus v. John Williams & Assocs., Inc., 92 N.M. 437, 439, 589 P.2d 1028, 1030 (1979)("A client may give his attorney special or express authority to compromise or settle his cause of action, but such authority must be clear and unequivocal.").   The refinement appears to be particularly applicable where the attorney is representing the defendant, who is generally most interested in ending the litigation and who may not have any causes of action to assert.   Therefore, Mr. Clemens had implied authority to agree to dismiss without prejudice the case Federated Towing had brought against the Defendants. There is no indication that Mr. Clemens in any way barred his clients from litigating the merits of the claims brought against them.   The Defendants assert that he waived their right to recover attorney's fees if the claims Federated Towing brought were groundless, but choosing to forego such a claim for attorney's fees is a litigation decision by an attorney that binds the Defendants and does not permit rule 60(b) relief.   See Latshaw v. Trainer & Wortham & Co., Inc., 452 F.3d 1097, 1099 (9th Cir. 2006)("Rule 60(b) is not intended to remedy the effects of a deliberate and independent litigation decision that a party later comes to regret through second thoughts or subsequently-gained

---

[7]In Wilson v. Jara, the Court drew a distinction between "decisions which terminate the litigation, such as settlement or a stipulation of dismissal, and other litigation decisions, because decisions to terminate the litigation are ordinarily left to the client." Wilson v. Jara, 2012 WL 1684595, at *7 n.7.  While the Court does not believe that its holdings in Wilson v. Jara are in conflict with the decision it reaches in this case, the Court notes that it was addressing a situation in Wilson v. Jara where there was a voluntary dismissal with prejudice.  See Wilson v. Jara, 2012 WL 1684595, at *2.  Thus, the Court did not have before it a scenario where the voluntary dismissal was without prejudice.

knowledge that corrects prior erroneous legal advice of counsel."); Wilson v. Jara, 2012 WL 1684595, at *7 n.7 (drawing a distinction for rule 60(b) purposes between "decisions which terminate the litigation, such as settlement or a stipulation of dismissal, and other litigation decisions, because decisions to terminate the litigation are ordinarily left to the client").

Furthermore, there is a presumption that an attorney acts with authority from his client.  See FDIC v. Oaklawn Apartments, 959 F.2d 170, 175 (10th Cir. 1992)("Appellants' affidavits stating that neither they nor their agents or representatives authorized Newcombe to represent them or file any pleading on their behalf were sufficient to overcome the presumption of attorney Newcombe's authority to act on their behalf.").  "As a general matter, a presumption shifts the burden of production to the opposing party to produce evidence to rebut the presumption." James v. Chavez, No. 09-0540, 2011 WL 5822726, at *38 (D.N.M. Nov. 9, 2011)(Browning, J.)(citing Pippin v. Burlington Res. Oil & Gas Co., 440 F.3d 1186, 1200 (10th Cir. 2006)).[8]  Affidavits are sufficient to overcome the presumption that an attorney has authority to act on a client's behalf.  See FDIC v. Oaklawn Apartments, 959 F.2d at 175 (10th Cir. 1992).

The Defendants have produced no evidence to rebut the presumption that Mr. Clemens had authority to act in the manner in which he did -- such as a written contractual limitation on his authority or even an assertion in an affidavit that they had limited his authority in this manner.  The only exhibits the Defendants have attached to their motion are a copy of the Second Lawsuit Complaint from the second suit Federated Towing filed, see Doc. 29-1, and a settlement release into which Estrada entered for his insurance claim -- a matter that has no relation to Mr. Clemens'

---

[8]Pippin v. Burlington Resources Oil & Gas Co. was an employment case that dealt with burdens of production shifting to employers in employment lawsuits under Title VII.  See 440 F.3d at 1200-01.

authority, see Trust Agreement Release Under Uninsured/Underinsured Motorist Protection

Coverage at 1 (dated December 29, 2010), filed February 15, 2012 (Doc. 29-2).  The Defendants

have argued that Mr. Clemens' statements in the briefs that they have filed with the Court qualify

as evidence upon which the Court can base its decisions, because of Mr. Clemens' obligations as

an officer to the court system to be truthful with the Court:

> No affidavit by defense counsel is necessary.  The failure of Worker's counsel to submit a supporting affidavit along with his petition for attorney fees is not reversible error considering that Worker's counsel, an officer of the court, is under an obligation to be truthful.  See SCRA1986, Rules of Prof. Conduct 16-303 (Repl. 1995).  The court accepts as true the representation of defense counsel, as an officer of the court.  In re Fletcher, 424 F.3d 783, 792 (8th Cir. 2005)(recognizing "the attorney's role as an officer of the court that granted admission").

Reply at 3 n.1.  The Court does not see how the Defendants' citation to a rule of professional

conduct supports the proposition that failing to support an affidavit along with a petition for

attorney's fees is not reversible error, because neither the rule nor the comments discuss attorney's

fees.  See N.M. Rules of Prof'l Conduct 16-603.  The In re Fletcher case also does not deal with any

rules of evidence, but rather disciplinary actions against attorneys.  See In re Fletcher, 424 F.3d at

792.  Statements a party's attorney makes in a brief, at least when offered by that party, are not

evidence upon which a factfinder can rely.  See United States v. Broemmel, 428 F.App'x 832, 835

(10th Cir. 2011)(unpublished)("For his alternative date we have only the statements he makes in his

briefs, and they are not evidence."); Alvarez v. Zavaras, 59 F.3d 178, 1995 WL 386809, at *2 (10th

Cir. 1995)(unpublished table decision)("Statements in parties' briefs are not evidence and do not

create issues of fact capable of defeating otherwise valid summary judgment motions.").[9]

---

[9]Of course, there are certain proceedings where courts often relax evidentiary rules, such as during a detention hearing in a criminal case where attorneys may present their arguments by proffer.  See United States v. Abuhamra, 389 F.3d 309, 321 n.7 (2d Cir. 2004)("We note, however, that even in the pre-trial context, few detention hearings involve live testimony or cross

Federated Towing has objected to rule 60(b)(1) relief on this basis, so there is no argument that they have waived this objection.  See Response at 2, 14-16 ("Second, assuming Rule 60(b) is applicable, Defendants failed to attach any evidence to suggest 'mistake, inadvertence, surprise, or excusable neglect' on behalf of their counsel.").  While the burden to rebut "the legal presumption that an attorney has authority to represent" the client "is not severe," there is a burden to present some evidence to rebut that presumption.  See FDIC v. Oaklawn Apartments, 959 F.2d at 175.  There is no such evidence before the Court, and the Defendants insist that they have no obligation to present proof beyond their counsel's statements in their briefs.  As the Tenth Circuit has stated:

> The burden is upon the party moving to have the judgment set aside to plead and prove excusable neglect.  It being the obligation of Pelican to come forward with such proof -- and given the fact we find no such proof in the record -- we find no abuse of discretion from this perspective.

Pelican Prod. Corp. v. Marino, 893 F.2d at 1146 (emphasis in original)(citation omitted).  Thus, the presumption remains unrebutted.  Consequently, there is no evidence to support relief under rule 60(b)(1).

## B.   RULE 60(b)(2) RELIEF IS NOT APPROPRIATE UNDER THE FACTS PRESENTED.

While Federated Towing argues that rule 60(b)(2) applies only to newly discovered evidence when there has been a trial, various courts have analyzed rule 60 motions under rule 60(b)(2) even when there has been no trial -- such as after summary judgment.  See Musch v. Domtar Indus. Inc., 587 F.3d 857, 861 (7th Cir. 2009)("The district court denied relief under Rule 60(b)(2), reasoning

---

examination.  Most proceed on proffers."); United States v. Ferranti, 66 F.3d 540, 542 (2d Cir. 1995).  There is nothing to indicate, however, that the Federal Rules of Evidence do not apply in the context of rule 60(b) motions.  See Pelican Prod. Corp. v. Marino, 893 F.2d at 1146 ("The burden is upon the party moving to have the judgment set aside to plead and prove excusable neglect." (emphasis in original)).

that Musch failed to show that this deposition testimony could not have been discovered before the summary judgment deadline or before the district court issued its summary judgment order."); Moron-Barradas v. Dep't of Educ. of Commonwealth of P.R., 488 F.3d 472, 482 (1st Cir. 2007)(analyzing under rule 60(b)(2) a rule 60 motion brought after the entry of summary judgment). The Tenth Circuit has likewise applied rule 60(b)(2) to a rule 60 motion filed after a district court granted a motion to dismiss and entered final judgment. See Dronsejko v. Thornton, 632 F.3d 658, 670 (10th Cir. 2011)("Of course, in this case the Plaintiffs sought relief from an order dismissing the case, not from the result of a trial -- but the required showing under Rule 60(b)(2) remains the same."). The Tenth Circuit appears to have expressly acknowledged in Dronsejko v. Thornton that rule 60(b)(2) applies in contexts outside of newly discovered evidence acquired after a trial -- including situations where there is newly discovered evidence after dismissal under rule 12(b)(6). See Dronsejko v. Thornton, 632 F.3d at 670. Thus, the Court will proceed to apply rule 60(b)(2) even though this dismissal resulted from a stipulation of dismissal without prejudice rather than a trial.

The Court does not believe that the Defendants have presented newly discovered evidence. They argue that the filing of a second lawsuit qualifies as newly discovered evidence. According to Mr. Davis' affidavit, which the Defendants have presented no evidence to rebut, he communicated to Mr. Clemens before the signing of the stipulation of dismissal that his client intended to file another lawsuit with additional parties, including Griego -- the in-state defendant who is now allegedly disrupting diversity jurisdiction in the case pending before Judge Armijo. See Davis Aff. ¶ 7, at 2. Specifically, Mr. Davis asserts in his affidavit that he "told Mr. Clemens that my client sought dismissal of the Federated v. Praetorian 2011 lawsuit because my clients were going to file a new Complaint against his clients, Praetorian and Deep South, as well as the

underlying tortfeasor, Joe Griego, Jr."  Davis Aff. ¶ 7, at 2.  Mr. Davis further relates that "Mr.
Clemens indicated that his clients may still seek to remove the newly filed Complaint."  Davis Aff.
¶ 7, at 2.  The Defendants' Motion provides some support for this scenario.  See Motion at 5
("Defendants' counsel admits that when the stipulated judgment was entered without prejudice, he
knew a second lawsuit could be brought.").  This evidence is not newly discovered, because it was
known to the Defendants, through their attorney, when they agreed to dismissal without prejudice.
The knowledge of an attorney is generally imputed to his or her client.  See Mosley v. Pena, 100
F.3d 1515, 1518 (10th Cir. 1996)("For purposes of determining when the plaintiff received notice
of the EEOC's final action, notice to an attorney is imputed to the client."); Marinchek v. Paige, 108
N.M. 349, 352, 772 P.2d 879, 882 (1989)("The actual notice to Paige's counsel that Paige risked
default judgment if Paige did not comply with the court's order was chargeable to Paige.").  When
a party has evidence in its possession at the time of the alleged event where it needed the newly
discovered evidence, a party cannot rely on that evidence as newly discovered evidence.  See Fye
v. Okla. Corp. Comm'n, 516 F.3d 1217, 1224 (10th Cir. 2008)("Ms. Fye concedes that the May 23
letter was in her possession from the commencement of the lawsuit and is not newly discovered
evidence.").  Accord Coastal Transfer Co. v. Toyota Motor Sales, 833 F.2d 208, 211-12 (9th Cir.
1987)("Evidence is not 'newly discovered' under the Federal Rules if it was in the moving party's
possession at the time of trial.").  Thus, this alleged newly discovered evidence provides no basis
for relief under rule 60(b)(2).

    The discovery of the newly filed lawsuit also appears to have occurred on the same day as
the parties entering the stipulation of dismissal without prejudice.  The Tenth Circuit has stated that,
to warrant relief under rule 60(b)(2), "[n]ewly discovered evidence has to be newly discovered after
the twenty-eight day deadline for moving for new trial under Fed.R.Civ.P. 59(b) has expired."

DuHall v. Lennar Family of Builders, 382 F.App'x 751, 754 (10th Cir. 2010)(unpublished)(emphasis added)(citing Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 727 (10th Cir. 1993)).  There is no indication that the Defendants discovered the second lawsuit 28 days after Mr. Clemens agreed to the stipulation of dismissal with prejudice.  Thus, the rule 60(b) motion appears untimely based on a lack of reasonable diligence given the timing of the second lawsuit, which was filed on the same day as the stipulation of dismissal without prejudice.  Giving the timing of the newly discovered evidence, the Defendants should have moved under rule 59(e) for relief within the 28-day time limit under that rule.  Approximately two months passed from the filing of the stipulation of dismissal before the Defendants brought their rule 60(b) motion.

Additionally, even if this evidence qualifies as newly discovered evidence, it does not entitle the Defendants to rule 60(b)(2) relief.  For newly discovered evidence to warrant rule 60(b)(2) relief, the moving party must show:

> (1) the evidence was newly discovered since the trial; (2) [the moving party] was diligent in discovering the new evidence; (3) the newly discovered evidence could not be merely cumulative or impeaching; (4) the newly discovered evidence [is] material; and (5) that a new trial[] with the newly discovered evidence would probably produce a different result.

Zurich N. Am. v. Matrix Serv., Inc., 426 F.3d 1281, 1290 (10th Cir. 2005)(quoting Graham v. Wyeth Lab., 906 F.2d 1399, 1416 (10th Cir. 1990)).  Taking into account the circumstances presented here, the Defendants faced the highest hurdle under the fifth requirement.  The Court concludes that it would have likely granted an opposed motion to dismiss the case without prejudice even if the Defendants had presented evidence that Federated Towing intended to file another lawsuit with additional parties.  "Rule 41(a)(2) [for opposed dismissals without prejudice by court order] provides a relatively liberal standard."  Carl Kelley Const. LLC v. Danco Technologies, No. 08-0379, 2010 WL 965735, at *1 (Feb. 28, 2010)(Browning, J.).  "Absent 'legal prejudice' to the

defendant, the district court normally should grant such a [rule 41(a)(2) ] dismissal." <u>Ohlander v. Larson</u>, 114 F.3d 1531, 1537 (10th Cir. 1997).  As the Court has previously noted:

> Rule 41(a)(2) "is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." <u>Clark v. Tansy</u>, 13 F.3d 1407, 1411 (10th Cir. 1993)(quotation marks omitted).  In resolving rule 41(a)(2) motions, the Court should consider the following factors to assess "legal prejudice" to the defendants: (i) the defendants' "effort and expense of preparation for trial;" (ii) the plaintiff's "excessive delay and lack of diligence . . . in prosecuting the action;" and (iii) the plaintiff's "insufficient explanation for the need to take a dismissal." <u>Id</u>.

<u>Ysais v. Richardson</u>, No. 07-0287, 2008 WL 4834921, at *1-2 (D.N.M. July 8, 2008)(Browning, J.).

To the extent permitted under the rules of procedure, the Court is generally inclined to allow a plaintiff his or her choice of forum.  <u>See</u> <u>James v. Chavez</u>, No. 09-0540, 2011 WL 6013547, at *11-12 (D.N.M. Nov. 21, 2011)(Browning, J.)("Finally, James has stated that she prefers to litigate her state law claims in state court, and, to the extent possible, the plaintiff should be the master of her choice of forum.").  To avoid potential hardship to defendants in the rule 41(a)(2) context if the plaintiff dismisses without prejudice and intends to refile the case elsewhere, a court may permissibly award attorney's fees to a defendant as a condition of dismissal under rule 41(a)(2) to compensate the defendant for their litigation expenses in federal court.  <u>See</u> <u>AeroTech, Inc. v. Estes</u>, 110 F.3d 1523, 1528 (10th Cir. 1997)("When a plaintiff dismisses an action without prejudice, a district court may seek to reimburse the defendant for his attorneys' fees because he faces a risk that the plaintiff will refile the suit and impose duplicative expenses upon him.").

Here, had Federated Towing moved for voluntary dismissal without prejudice and had the Defendants opposed that motion, the Court would have likely granted the motion.  First, the Defendants' effort and expense in preparing for trial, while not completely absent, was relatively minimal.  From the time of filing the lawsuit, July 6, 2011, until the time of the stipulation of

dismissal, December 16, 2011, slightly over five months had passed.  The Court held an initial scheduling conference on September 14, 2011.  See Doc. 11.  The Court and the parties had invested a relatively small amount of resources in the case.  The parties had not filed any opposed motions to which the Defendants had to respond.  The parties had not completed discovery.  The termination date for discovery that the Court set in its Scheduling Order was April 2, 2012.  See Scheduling Order at 1, filed September 19, 2011 (Doc. 18).

Second, there is no indication that Federated Towing had delayed the proceedings or not been diligent in prosecuting the case.  The parties attended an initial scheduling conference just over two months after the institution of the lawsuit.  Federated Towing then contemplated dismissing this action without prejudice a few months after the initial scheduling conference.  The Defendants did not make any filings with the Court or otherwise indicate that Federated Towing had been prosecuting the case in a non-diligent manner.

Third, Federated Towing has presented an explanation for why it would have dismissed the action.  Federated Towing appears to have intended to add Estrada, one of Federated Towing's employees, as a plaintiff and to bring a suit against Griego based on his involvement in it losing its insurance policy.  It relates that it learned during discovery as a result of the contents of a letter that the Defendants had been unsuccessful in pursuing their subrogation rights against Griego, leaving it to Federated Towing to enforce those rights.  See Response 4-6, 17; Letter from Deep South Insurance Services to Federated Towing & Recovery LLC at 1 (dated April 7, 2011), filed March 19, 2012 ("We regret to inform you that our attempt for subrogation against the responsible party on the above referenced claim was unsuccessful.").  Thus, Federated Towing would have arguably had some desire to pursue subrogation against Griego.  While it will be up to Judge Armijo to decide the fraudulent-joinder issue, and the Court should be careful not to do anything to usurp her word

on this issue, Estrada's allegations against Griego appear to support a cause of action for battery. Federated Towing and Estrada allege in the second lawsuit that: (i) Estrada was attempting to legally repossess Griego's vehicle; (ii) Griego purportedly entered the vehicle to obtain some items from it; and (iii) Griego backed the vehicle into Estrada and caused injuries with the vehicle. See Second Lawsuit Complaint ¶¶ 10-12, at 3. Federated Towing also alleges that it was the one maintaining the insurance policy at issue. See Second Lawsuit Complaint ¶ 9, at 2 ("Federated chose a Policy that provided uninsured/underinsured (hereinafter 'UM/UIM') coverage for Federated Employees including Estrada . . . ."). A battery cause of action under New Mexico law requires that there be an intent "to cause harmful or offensive contact with the person of the other or a third person," and "an offensive contact with the person of the other directly or indirectly results." State v. Ortega, 113 N.M. 437, 440, 827 P.2d 152, 155 (Ct. App. 1992)(quoting Restatement (Second) of Torts § 18 (1965).

        Given those allegations, it is not a stretch of the imagination to conclude that intentionally backing a vehicle into someone would result in a cause of action for battery. The Tenth Circuit has stated two bases for finding fraudulent joinder: (i) "[t]he joinder of a resident defendant against whom no cause of action is stated is patent sham;" or (ii) "though a cause of action be stated, the joinder is similarly fraudulent if in fact no cause of action exists." Smoot v. Chi., Rock Island & Pac. R.R. Co., 378 F.2d 879, 882 (10th Cir. 1967). Given those allegations, which the Court must take as true given that the Defendants have presented no contrary evidence, the Court believes that the Defendants may not be able to meet the stringent burden of showing that "there is no possibility that the plaintiff would be able to establish a cause of action." Archuleta v. Taos Living Ctr., LLC, 791 F.Supp.2d 1066, 1073 (D.N.M. 2011)(Browning, J.)(discussing the standard for fraudulent joinder). Federated Towing may have concluded that voluntary dismissal was the appropriate course

of action, because the Court would be reluctant to add new parties to the suit or because it now had

a better basis to be in state court given the lack of complete diversity among the parties.  While the

Court is not inclined to permit parties to stop and start litigation in federal court as they choose, the

Court is inclined to give a plaintiff his or her choice of forum assuming doing so is feasible.  On the

record before the Court, and particularly without any contrary evidence from the Defendants, see

Archuleta v. Taos Living Ctr., LLC, 791 F.Supp.2d at 1071 ("In cases where fraudulent joinder is

asserted, the Tenth Circuit instructs that the court should 'pierce the pleadings, consider the entire

record, and determine the basis of joinder by any means available.'"), the Court does not believe that

Federated Towing acted in such a manner that the Court would have likely denied a motion to

voluntarily dismiss the case without prejudice.  Mr. Davis also asserts in his affidavit that he

communicated to Mr. Clemens why Federated Towing intended to voluntarily dismiss the case and

file a new one before the filing of the stipulation of dismissal, so the Court does not believe that

Federated Towing has acted in an inequitable manner.  See Davis Aff. ¶ 7, at 2.  Thus, when it is all

said and done, it is probable, if not likely, that this litigation will end up in state court, rather than

federal court, so the stipulation of dismissal without prejudice may help the parties get to a forum

in which to litigate the case properly.

### C.     RULE 60(b)(3) RELIEF IS NOT APPROPRIATE UNDER THE FACTS PRESENTED.

The Defendants argue that, because Federated Towing has now fraudulently joined another

defendant in the second lawsuit to defeat federal jurisdiction, the Court should reinstate this lawsuit

under rule 60(b)(3).  Rule 60(b)(3) requires "fraud (whether previously called intrinsic or extrinsic),

misrepresentation, or misconduct by the opposing party."  Fed. R. Civ. P. 60(b)(3).  As the Court

has discussed above, the Defendants may not have a successful fraudulent-joinder argument.  Even

if Federated Towing fraudulently joined an in-state defendant to defeat diversity jurisdiction, the

Court does not believe that this conduct warrants relief under rule 60(b)(3).  Generally, as long as

a party has an opportunity to adequately respond to the allegedly fraudulent conduct in presenting

its case, rule 60(b)(3) relief is not warranted:

> We assume arguendo that Woodworker improperly failed to disclose its
> damage theory.  Even so, we are persuaded the admission of Woodworker's damage
> theory was harmless under the factors we must consider.  First, Principal Mutual
> knew the numbers on which Mr. Wirth based his calculation; indeed, it provided the
> calculation for the amount it paid in premiums.  Moreover, the district court gave
> Principal Mutual a significant opportunity to cure any resulting prejudice by
> cross-examining Mr. Wirth outside the presence of the jury.  Principal Mutual failed
> to do so.  After Mr. Wirth testified, Principal Mutual also called as a witness Ms.
> Lorek, an underwriter who was familiar with the administrative costs Principal
> Mutual incurred processing claims.  Yet, it elicited no testimony on this subject
> matter.  Nor did it argue to the district court that it needed more time to make this
> calculation.  Finally, Woodworker's initial disclosures and Mr. Wirth's deposition
> occurred before the district court ruled that ERISA preempted a number of its claims.
> Those rulings no doubt prompted Woodworker to modify its damage theory.  While
> this certainly does not excuse Woodworker from supplementing its disclosures, it
> reduces the likelihood that Woodworker acted in "bad faith" in varying its trial
> testimony from its deposition testimony.  Under these circumstances, we hold the
> district court did not abuse its discretion under Rule 37 in permitting evidence of
> Woodworker's damage theory.

> We now turn to Principal Mutual's Fed.R.Civ.P. 60(b)(3) claim based on the
> same facts, and again assume arguendo that Woodworker's failure to disclose was
> improper.  "[B]efore retrial is mandated under Rule 60(b)(3) in consequence of
> discovery misconduct, the challenged behavior must substantially have interfered
> with the aggrieved party's ability fully and fairly to prepare for and proceed at trial."
> Anderson v. Cryovac, Inc., 862 F.2d 910, 924 (1st Cir. 1988)(emphasis in original).
> Given Principal Mutual's opportunities to cure any prejudice flowing from Mr.
> Wirth's testimony, we cannot say with any certainty that Woodworker's failure to
> disclose substantially interfered with Principal Mutual's ability to proceed at trial.
> Accordingly, we hold that the district court was within its discretion in denying
> Principal Mutual's Rule 60(b)(3) motion, and we decline to grant a new trial on this
> basis.

Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999).

As the Court has already discussed, the evidence before the Court indicates that, before the

Defendants agreed to dismissal without prejudice, they knew that Federated Towing intended to file another lawsuit with additional parties -- including Griego. Given the complete-diversity requirement for diversity jurisdiction, those additional parties could have interfered with diversity jurisdiction. Thus, the Defendants had an opportunity to oppose dismissal at that stage of the proceedings rather than stipulate to dismissal. Additionally, the parties have fully briefed the fraudulent-joinder issue before Judge Armijo. To the extent that Federated Towing fraudulently joined an in-state defendant to defeat diversity jurisdiction, the Defendants have a full opportunity to present that issue to Judge Armijo. Furthermore, if the Court reinstated this lawsuit, Judge Armijo would then have to decide what to do with the second lawsuit pending before her. There would potentially be parallel proceedings that could cause additional friction.

Additionally, the term fraudulent joinder is somewhat of a misnomer, because the doctrine "does not require proof that the plaintiff intended to deceive the court" by joining an in-state defendant. Holden v. Ill. Tool Works Inc., 429 F.App'x 448 (5th Cir. 2011)(unpublished)(citing Poulos v. Naas Foods, Inc., 959 F.2d 69, 73 (7th Cir. 1992). "In such circumstances, the allegation of improper joinder is actually an attack on the merits of plaintiff's case as such-an allegation that, as phrased by the Supreme Court in Chesapeake & O.R. Co. v. Cockrell, [232 U.S. 146 (1914),] 'the plaintiff's case [is] ill founded as to all the defendants.'" Smallwood v. Ill. Cent. R. Co., 385 F.3d 568, 574 (5th Cir. 2004). Thus, relying on fraudulent joinder as fraudulent conduct for rule 60(b)(3) purposes is inappropriate.

The alleged wrong of which the Defendants complain, having to litigate the case in state court as opposed to federal court, is also not the kind of challenged behavior that substantially interferes with the aggrieved party's ability fully and fairly to prepare for and proceed at trial. See Campbell v. Meredith Corp., 345 F.App'x 323, 326 (10th Cir. 2009)(unpublished)("Moreover, the

challenged behavior must <u>substantially</u> have interfered with the aggrieved party's ability fully and fairly to prepare for and proceed at trial." (emphasis in original)).  Assuming Judge Armijo grants the motion to remand pending before her, the New Mexico state courts are fully competent to hear these claims -- all of which arise under state law.  Parties asserting or defending against even federal claims cannot necessarily litigate those claims in federal court in all instances, such as when there is a federal counterclaim but no basis in the plaintiff's complaint for a federal court to exercise subject-matter jurisdiction.  <u>See</u> <u>Vaden v. Discover Bank</u>, 556 U.S. 49, 60 (2009)("Nor can federal jurisdiction rest upon an actual or anticipated counterclaim.").  The Supreme Court has adhered to the principle of limited federal jurisdiction even if it would be more efficient to relax strict jurisdictional standards.  <u>See</u> <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. at 123 & n. 33 (1984)("That a litigant's choice of forum is reduced 'has long been understood to be a part of the tension inherent in our system of federalism.'").  The Court does not believe the circumstances presented here counsel in favor of relief under rule 60(b)(3).

### D.    RULE 60(b)(6) RELIEF IS NOT APPROPRIATE UNDER THE FACTS PRESENTED.

Rule 60(b)(6) is a "grand reservoir of equitable power to do justice in a particular case."  <u>Van Skiver v. United States</u>, 952 F.2d at 1244 (internal quotation marks omitted).  "If the reasons offered for relief from judgement could be considered under one of the more specific clause of Rule 60(b)(1)-(5), those reasons will not justify relief under Rule 60(b)(6)."  12 J. Moore, <u>supra</u> § 60.48[2], at 60-182.  <u>Accord</u> <u>Liljeberg v. Health Servs. Acquisition Corp.</u>, 486 U.S. at 863 n.11 ("This logic, of course, extends beyond clause (1) and suggests that clause (6) and clauses (1) through (5) are mutually exclusive.").  "The Rule does not particularize the factors that justify relief, but we have previously noted that it provides courts with authority 'adequate to enable them to

vacate judgments whenever such action is appropriate to accomplish justice,' while also cautioning that it should only be applied in 'extraordinary circumstances.'"   Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. at 863.   Generally, the situation must be one beyond the control of the party requesting relief under rule 60(b)(6) to warrant relief.   See Ackermann v. United States, 340 U.S. at 202 ("The comparison [of prior precedent] strikingly points up the difference between no choice and choice; imprisonment and freedom of action; no trial and trial; no counsel and counsel; no chance for negligence and inexcusable negligence.   Subsection 6 of Rule 60(b) has no application to the situation of petitioner.").

The Court concludes that the circumstances presented here are not extraordinary so as to justify relief under rule 60(b).   The situation of which the Defendants complain did not arise from one completely beyond their control as rule 60(b)(6) cases generally contemplate.   As the Court has already discussed, Mr. Clemens, as defense attorney, had implied authority to agree to dismissal without prejudice of the case.   They have presented no evidence -- only argument and related assertions -- that he lacked such authority or that they otherwise limited his authority.   Mr. Clemens was aware that Federated Towing intended to file another lawsuit.   As the Court has already stated, his knowledge was imputed to the Defendants as his clients.   A defense attorney agreeing to dismissal without prejudice is not the kind of major litigation decision that irreparably binds a client on the merits of a case.   See Bolles v. Smith, 92 N.M. at 526, 591 P.2d at 280 ("In order for an attorney to bind a client to a settlement agreement, he must have specific authority to do so, unless there is an emergency or some overriding reason for enforcing the settlement despite the attorney's lack of specific authority.").   Courts will generally not grant rule 60(b) relief when the mistake of which the movant complains is the result of an attorney's deliberate litigation tactics.   See Cashner v. Freedom Stores, Inc., 98 F.3d at 577.   This rule exists because a party

-45-

> voluntarily chose [the] attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.

Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. at 397.

Furthermore, even if the Defendants had opposed voluntary dismissal, the Court would have likely granted a motion for voluntary dismissal brought under rule 41(a)(2). Moreover, while there is no automatic right to litigate in federal court, the Defendants may still have a chance to be in federal court given that they have a case pending before Judge Armijo. One could even draw the inference that the Defendants are the ones acting unjustly by delaying the disposition of the merits of the claims at issue by multiplying the proceedings. Given that they have not presented any evidence that their attorney acted without authority, they may have initially felt dismissal without prejudice was proper and then had a change of heart when they realized they could not litigate in federal court. The Court does not believe there is a need "to accomplish justice" in the case here, as the Defendants may still raise their fraudulent-joinder arguments in front of Judge Armijo. Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. at 863. The Defendants may then argue their case in front of Judge Armijo if they are successful in contesting the motion to remand or argue their case in state court if she decides to remand the case. The Defendants are not in a position where circumstances beyond their control have unjustly denied them all relief. They have many opportunities remaining to challenge the merits of Federated Towing's case, either in federal court or state court. Thus, rule 60(b)(6) relief is not appropriate.

This case has the smell of the defendant insurance companies' adjusters being very aggressive on litigation strategy to the point of leaving the attorney out on a limb. Rather than do

anything wrong, Mr. Clemens seems to have done what most insurance-defense lawyers would have done: if the plaintiff calls and wants to dismiss the case, agree to it.  The adjusters seem now to want more and are willing to multiply proceedings and to make their attorney look bad to gain some procedural advantage.  In any case, the insurance adjusters' strategy does not demand or call for rule 60(b) relief.

**IT IS ORDERED** that the Defendants Praetorian Insurance Company and Deep South Surplus, Inc.'s Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b), filed February 15, 2012 (Doc. 29), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Bertrand Parnall
Albuquerque, New Mexico

*--and--*

Ben Davis
The Davis Law Firm, LLC
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Michael Clemens
Raul P. Sedillo
Butt, Thornton & Baehr, PC
Albuquerque, New Mexico

    *Attorneys for the Defendants*